IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE TRAVELERS INDEMNITY COMPANY,

        Plaintiff,                           10cv0842
                                              **ELECTRONICALLY FILED**

    v.

MCGANN AND CHESTER, LLC., and
ROBERT LAMB,

        Defendants.

**MEMORANDUM AND OPINION**

This is a declaratory judgment action brought by Plaintiff, The Travelers Indemnity Company, seeking a declaration that it does not have to provide underinsured motorist coverage ("UIM coverage") to the Defendant, Robert Lamb ("Defendant Lamb"), pursuant to the Pennsylvania Financial Motorist Vehicle Responsibility Law ("PaFMVRL"). See doc. no. 1.

Presently before the Court are Defendant Lamb's and Plaintiff's Cross Motions for Summary Judgment. See doc. nos. 22 and 26, respectively. For the reasons that follow, this Court will grant Defendant Lamb's Motion for Summary Judgment and will deny Plaintiff's Motion for Summary Judgment.

**I. Background**

The following facts are material and are not contested by either the Plaintiff or Defendant Lamb. See doc. no. 37, generally.

On November 17, 2007, Defendant Lamb was employed by Citations Management and would ride in one of Defendant McGann and Chester's ("Defendant McGann's") trucks to patrol for vehicles delinquent in paying traffic tickets. Doc. no. 37, ¶¶ 4, 19. Defendant Lamb's job

required him to sit in one of Defendant McGann's trucks and identify vehicles delinquent in paying traffic tickets. Id. at ¶¶ 6, 19. Upon identifying a vehicle owned by a person delinquent in paying his or her tickets, Defendant Lamb's job required him to verify the amount owed and then would exit the truck to verify the license plate, affix a sticker to the driver's side window, and either attach paperwork to the offending vehicle's windshield or hand it to the vehicle's driver, if the driver was present. Id. at ¶¶ 10, 11. Stated simply, Defendant Lamb's need to exit Defendant McGann's vehicle was integral to his job.[1] Id. at ¶ 14.

Defendant McGann, a limited liability company, was a named insured under a commercial policy of insurance placed with Plaintiff. Id. at ¶ 21. This insurance contract provided UIM coverage to anyone who was defined as an "insured" under the policy. Id. at ¶ 22. The policy defined an insured as follows:

> B. Who Is An Insured
>
> If the Named Insured is designated in the Declarations as:
>
> 2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
>
>    a. Anyone "occupying" a covered "motor vehicle" or a temporary substitute for a covered "motor vehicle". The covered "motor vehicle" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

Id. at ¶ 23. The UIM provision in question states, "'[o]ccupying' means in, upon, getting in, on, out or off." Id. at ¶ 24.

On the day in question, the driver of Defendant McGann's truck (an insured vehicle)

---

[1] A person other than Defendant Lamb would drive Defendant McGann's truck and place the boot on the vehicle. Id. at ¶ 18.

pulled to left of the vehicle in question and stopped three to four feet away from the vehicle. Id. at ¶ 26. Defendant Lamb exited the vehicle and closed the door behind him. Id. at ¶ 27. Defendant Lamb had a brief conversation with the driver of the vehicle in question and walked to the front of the vehicle, standing directly in front of its front bumper. Id. at ¶ 29. Defendant Lamb put his back to the offending vehicle and made a phone call on his cell phone to verify the vehicle was to be booted, and while on his phone, the driver of the offending vehicle pulled forward and struck Defendant Lamb at least once. Id. at ¶¶ 31, 34. As the vehicle drove away – presumably to escape being "booted" – the vehicle's side view mirror struck Defendant Lamb. Id. at ¶¶ 38, 41.

## II. Standard Of Review

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, (1986). "Facts that could alter the outcome are material facts." Charlton v. Paramus Bd. of Educ., 25 F.3d 194, 197 (3d Cir.1994). In deciding whether there is a disputed issue of material fact, the court must grant all reasonable inferences from the evidence to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Penn. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir.1995). The threshold inquiry is whether there are "any genuine factual

issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250.

Once the moving party has properly supported its showing that there is no triable issue of fact and demonstrated an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475 U.S. at 586. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

When the parties have filed cross-motions for summary judgment, as in this case, the summary judgment standard remains the same. Transguard Ins. Co. of Am., Inc. v. Hinchey, 464 F.Supp.2d 425, 430 (M.D.Pa. 2006) (citing Appelmans v. City of Phila., 826 F.2d 214, 216 (3d Cir.1987)). "When confronted with cross-motions for summary judgment, . . . 'the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the summary judgment standard.' " Id. "If review of [the] cross-motions reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts." Id.

It is on this standard that the Court has reviewed each of the party's respective Motions and their respective Responses.

### III. Discussion

**A. General law governing insurance contracts**

The principles that govern this Court's interpretation of an insurance contract under Pennsylvania law are well settled. "The goal is to ascertain the intent of the parties as manifested

4

by the language of the written instrument." Alleman v. State Farm Life Ins. Co., 508 F.Supp. 2d 452, 455 (W.D.Pa. 2007). Interpretation of an insurance policy is a question of law. Westport Ins. Corp. v. Bayer, 284 F.3d 489, 496 (3d Cir. 2002).

In construing the policy, if the words of the policy are clear and unambiguous, the court must give them their plain and ordinary meaning. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) (citation omitted). When a term is ambiguous, and the intention of the parties cannot be discerned from the policy, the court may look to extrinsic evidence of the purpose of the insurance, its subject matter, the situation of the parties, and the circumstances surrounding the making of the contract. Id. Ambiguous terms must be strictly construed against the insurer, but the policy language must not be tortured to create ambiguities where none exist. Id.

Based on this case law, this Court is charged with the responsibility of interpreting the Plaintiff's insurance contract at issue, and must give all clear and unambiguous terms in the contract their plain and ordinary meaning without torturing the language of the contract to create ambiguities where none exist.

Here, the sole issue presented by Plaintiff and Defendant Lamb is whether Defendant Lamb was "occupying" the insured McGann truck at the time of the accident. As noted above, the relevant policy provisions indicate that "occupying" the insured truck (for purposes of determining whether UIM coverage is applicable) is defined as "in, upon, getting in, on or out of, or off" the insured truck. At first blush, the plain meaning of the definition of "occupying" arguably might bar UIM coverage because at the moment(s) of impact(s), Defendant Lamb was not engaged in any of these activities.

5

**B. Case law governing the core issue**

However, as noted by both parties, the Pennsylvania Supreme Court, in <u>Utica Mut. Ins. Co. v. Contrisciane</u>, 473 A.2d 1005 (Pa. 1984), established a test requiring a person to meet four criteria in order to be deemed "occupying" an insured vehicle at the time of an accident.[2] In <u>Utica</u>, the Pennsylvania Supreme Court held that:

> . . . when a person is engaged in the lawful use of an insured vehicle, he will be considered to be "occupying" that vehicle within the meaning of the policy, provided he can meet the following criteria:
>
> 1) there is a causal relation or connection between the injury and the use of the insured vehicle;
>
> 2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;
>
> 3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and
>
> 4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

<u>Id</u>. at 1009.

In <u>Utica</u>, the plaintiff, who had been in an automobile accident, stopped to exchange information with the other motorist as required by Pennsylvania state law. <u>Id</u>. at 1006. A police officer arrived and asked the plaintiff for his license and registration. <u>Id</u>. After retrieving these documents from his own vehicle, the plaintiff returned to the side of the police car (nearly 100 feet from his own vehicle) and was struck by an underinsured motorist. <u>Id</u>. at 1007. The court determined that the plaintiff was at all times engaged in transactions essential to the continued

---

2 Plaintiff argues the application of <u>Utica</u> supports its position that Defendant Lamb was not occupying the vehicle and contends that it therefore does not owe UIM coverage to Defendant Lamb. Defendant Lamb argues <u>Utica</u> that

6

use of his vehicle and that it was only because of his own traffic accident and the police officer's request that he was away from his vehicle. Id. at 1009. The court concluded that the plaintiff had been "occupying" his vehicle at the time he was injured and was therefore covered under the UIM provision of the insurance policy. Id.

In addition to Utica, this Court finds the case of Lynn v. Westport Ins. Corp., 258 Fed. Appx. 438 (3d Cir. 2007), instructive. In Lynn, the plaintiff was a tow truck driver who was dispatched by his employer (the named insured) to assist a motorist with a disabled vehicle. Id. at 439. Upon arriving, he determined he could not tow the disabled vehicle and called a co-worker to request that he bring a flatbed truck to the scene. Id.

When the co-worker arrived, he requested that the plaintiff assist him in loading the disabled vehicle onto the flatbed truck. Id. The plaintiff pulled his own tow truck forward to give his co-worker room to station the flatbed truck in front of the disabled vehicle. After exiting his tow truck and while walking towards the flatbed truck to help his co-worker load the disabled vehicle onto the flatbed truck, the plaintiff was struck by the side mirror of a passing vehicle, and sustained severe injuries. Id.

The plaintiff sought a declaration stating his entitlement to UIM benefits under an insurance policy issued by the defendant to his employer. Id. A Magistrate Judge issued a report recommending that defendant's motion for summary judgment be granted finding that the insurer did not owe UIM coverage because the plaintiff was not "occupying" the insured vehicle at the time of he sustained his injuries. Id. at 440. The district court adopted the report and recommendation, entering final judgment against the plaintiff. Id.

---

supports his position that he was "occupying" the insured truck and therefore claims he is owed UIM coverage.

On appeal, the United States Court of Appeals for the Third Circuit reversed, relying on Utica. The Court of Appeals specifically noted that because the plaintiff was "a tow truck driver whose job it was to respond to stranded motorists," it was part of his duties as a tow truck driver to exit the truck and aid the disabled vehicle which the Court assumed regularly occurred in an unsafe locations, such as the side of a highway. Id. at 441. The Court stated, "Presumably, the insurance company knows that this is how the tow truck will be utilized." Id.

The Court of Appeals further explained its rationale as follows:

> We believe that Utica itself requires a finding that Lynn occupied the tow truck at the time of the accident. First, we note that the court in Utica explicitly adopted a "liberal interpretation" of "occupying." 473 A.2d at 1009. In doing so, the court noted that this approach was more consistent with Pennsylvania's Uninsured Motorist Act, which was designed to protect individuals who were lawfully using the highways and who suffered grave injuries through the negligent use of the highways by others. Id. Second, we believe that the facts of Utica are sufficiently similar to the instant case to dictate a finding that Lynn was "occupying" the tow truck. Like the plaintiff from Utica, who was only away from his vehicle because of the accident and the police officer's request for his license and registration, Lynn was only away from his tow truck and walking along the side of the road because of his duties as a tow truck driver. Furthermore, we find it irrelevant that Lynn had actually determined that his tow truck would be of no use in towing the vehicle. Just as the police officer's request in Utica required that the plaintiff in that case leave his vehicle in order to continue use of the vehicle, Lynn felt compelled by his duties as a tow truck driver to help his coworker load the disabled vehicle onto the flatbed truck before he could get back into his tow truck and leave the scene.

Id. at 442.

**C. Application to the instant case**

Plaintiff herein claims that Defendant Lamb was not "occupying" Defendant McGann's insured truck when he was struck by the offending vehicle. Specifically, Plaintiff argues that

8

because Defendant Lamb was not "in, upon, getting in, on or out of, or off" the McGann truck at the time he was struck by the offending vehicle, he was not "occupying" the insured truck at the time he sustained his injuries.

However, as Defendant and Plaintiff both argue, the Utica test (i.e., Utica Mut. Ins. Co. v. Contrisciane, 504 Pa. 328, 473 A.2d 1005 (1984)), controls whether Defendant Lamb was "occupying" the insured truck at the time of his accident. As noted above, the Court of Appeals for the Third Circuit in Lynn analyzed the Utica test under facts substantially similar to those present here.

Like the plaintiff in Lynn, Defendant Lamb, as an integral part of his job, had to exit the insured vehicle to perform certain, required tasks associated with "booting" another vehicle. The parties further agree that it was during the course and scope of his performance of these job-required tasks that he was injured by another vehicle.

This Court finds that under the four-prong Utica test, as interpreted by Lynn, Defendant Lamb meets the criteria to be considered to have been "occupying" the vehicle at the time of the accident. Moreover, under Lynn, a case factually similar to the one at bar, the Court of Appeals determined that in factual situations akin to the one which befell Defendant Lamb, the Pennsylvania Supreme Court would apply the same liberal approach set out in Utica and conclude the insurer was obligated to provide UIM coverage to such a vehicle-oriented victim. For these reasons, this Court will therefore grant summary judgment to Defendant Lamb and will deny Plaintiff's request for summary judgment. Given the Court's decision in this regard, judgment will also be entered in favor of Defendant McGann and Chester, LLC.

9

An appropriate order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties